IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WILD TYPE, INC. D/B/A/ WILDTYPE And UPSIDE FOODS, INC., §§§<br>*Plaintiffs*, §<br>v. §§<br>JENNIFER A. SHUFORD, in her official capacity as the Commissioner of the Texas Department of State Health Services; CECILE ERWIN YOUNG, in her official capacity as Executive Commissioner of the Texas Health and Human Services Commission; KEN PAXTON in his official capacity as the Attorney General of Texas; and DELIA GARZA in her official capacity as the County Attorney of Travis County, *Defendants*. | CIVIL ACTION NO.<br>1:25-cv-1408-ADA-ML |

**TRAVIS COUNTY ATTORNEY DELIA GARZA'S RESPONSE TO PLAINTIFFS' OPPOSED MOTION FOR PRELIMINARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Travis County Attorney Delia Garza (hereinafter "Defendant Garza") by and through her attorney of record, the Travis County Attorney's Office, and in response to Plaintiffs' Opposed Motion for a Preliminary Injunction (ECF 21), would show the Court as follows:

**PROCEDURAL BACKGROUND**

1.  This suit challenges the constitutionality of a recently enacted law restricting the sale of "cultivated" meat in Texas. Defendant Garza played no role in the passage of the law, nor has she expressed any intent to pursue any civil or criminal action against Plaintiffs or anyone under the new law. The mere fact that the cited law makes this a *possibility* does not support any claim against Defendant Garza. Defendant Garza will abide by whatever temporary orders or final

judgment the Court enters in this matter. The question of constitutionality is one for the State of Texas to defend; nevertheless, Defendant Garza denies Plaintiffs have stated a claim against her based on their interpretation of the dormant Commerce Clause and Supremacy Clause upon which Plaintiffs' claims rely. Certainly, no claims against Defendant Garza are ripe for consideration, thus depriving Plaintiffs of standing and depriving this court of jurisdiction. Any claims concerning enforcement are purely speculative in nature, reinforcing the lack of ripeness and rendering Plaintiffs unable to state a plausible claim against Defendant Garza.

2.  On September 29, 2025, after service of process, Defendant Garza timely filed her Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [ECF 15] in which she denied the Plaintiffs' claims and asserted several affirmative defenses including (1) lack of subject matter jurisdiction over the action pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) lacks of jurisdiction over Defendant Garza because no case or controversy exists as Plaintiffs' claims against Defendant Garza are not ripe, and (3) that the plaintiffs failed to plead a causal connection between their alleged injury and any certain actions of Defendant Garza.

3.  Plaintiffs seek a preliminary injunction and requests this Court to preliminarily enjoin SB 261 to allow Plaintiff to continue selling and offering to sell their products to Texas consumers while this lawsuit moves forward. (ECF 21, pg.1).

4.  For the following reasons Defendant Garza asserts that Plaintiffs' Motion for Preliminary Injunction against her should be denied.

## ARGUMENTS AND AUTHORITIES

5.  Plaintiffs filed a Motion for Preliminary Injunction on October 20, 2025. (ECF. No. 21). In that motion, Plaintiffs move the Court to "enjoin SB 261 to allow Wildtype and UPSIDE to continue selling and offering to sell their products to Texas consumers while this lawsuit moves forward." Plaintiffs' Motion, ECF 21, pg. 1.

6.  Any injunctive relief is considered "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A district court may grant a preliminary injunction only if the movant establishes four requirements:

> First, the movant must establish a substantial likelihood of success on the merits. Second, there must be a substantial threat of irreparable injury if the injunction is not granted. Third, the threatened injury to the plaintiff must outweigh the threatened injury to the defendant. Fourth, the granting of the preliminary injunction must not disserve the public interest. *Harris County, Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999) (quoting *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994)).

*Id*.

7.  Accordingly, Defendant Garza asserts the Court should deny the Motion for Preliminary Injunction because of the lack of justiciability and standing as argued above. The Original Complaint does not identify an injury traceable directly to Defendant Garza. Standing is not determined "in gross." *Davis v. Federal Elec. Comm'n*, 554 U.S. 724, 734, (2008) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6, (1996)). "Standing to sue one defendant does not, on its own, confer standing to sue a different defendant." *Daves v. Dallas County, Texas*, 22 F. 4th 522, 542. Plaintiffs "must demonstrate standing for each claim [they] seek to press and for each form of relief that is sought." *Id*., (internal citations omitted).

A. **Standing for a Preliminary Injunction**

8. A preliminary injunction, like final relief, cannot be requested by a plaintiff who lacks standing to sue. At earlier stages of litigation, however, the manner and degree of evidence required to show standing is less than at later stages. *See Lujan v. Def's of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992) ("each element [of standing] must be supported ... with the manner and degree of evidence required at the successive stages of the litigation"). At the preliminary injunction stage, the movant must clearly show only that each element of standing is likely to be obtained in the case at hand. *Compare Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017), *with Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 568–69 (5th Cir. 2010); *see also Waskul v. Washtenaw Cty. Cmty. Mental Health*, 900 F.3d 250, 256 n.4 (6th Cir. 2018); *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015). To have standing, a plaintiff must (1) have suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that will likely be redressed by a favorable decision. *Lujan v. Def's of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992).

9. A plaintiff has suffered an injury in fact if he (1) has an "intention to engage in a course of conduct arguably affected with a constitutional interest," (2) his intended future conduct is "arguably ... proscribed by [the policy in question]," and (3) "the threat of future enforcement of the [challenged policies] is substantial." *See Susan B. Anthony List*, 573 U.S. at 161–64, 134 S. Ct. at 2343–45.

B. **Injury In Fact**

10. "[A]n injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical". *Lujan,* at 560, 112 S.Ct. 2130 (internal quotation marks, footnote, and citations omitted); *see City of Los Angeles v. Lyons*,

461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ("The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." (citations omitted)); *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) ("party who invokes the court's authority [must] show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant" (internal quotation marks omitted)).

11. Travis County will not opine as to whether Plaintiffs have suffered an injury in fact. This would be a fact-intensive debate as to the merits of lab-grown meat and public safety. Travis County adopts any arguments made by Co-Defendants for the State as to this matter.

### C. Causal connection between the injury and the challenged action of the defendant

12. While Delia Cruz will not discuss the merits of the injury to Plaintiffs, she fully disputes any causal connection between any alleged injury and action to defendants.

13. "Generally, state sovereign immunity precludes suits against state officials in their official capacities." *Texas Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) ("Texas Democratic Party I"). The legal fiction of Ex parte Young, however, provides an "exception to Eleventh Amendment sovereign immunity" in the subset of cases to which it applies. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). The exception permits federal courts to enjoin prospective unconstitutional conduct by "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature." *Ex parte Young*, 209 U.S. at 155–56, 28 S.Ct. 441.

14. *The Ex parte Young* exception has three requirements: "(1) A plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective." *Green Valley Special Util. Dist. v. City of Schertz,* 969 F.3d 460, 471 (5th Cir. 2020) (en banc) (quotation marks and citations omitted).

15. The Fifth Circuit's analysis under *Ex parte Young* is "'provision-by-provision': The officer must enforce 'the particular statutory provision that is the subject of the litigation.'" *Texas All.*, 28 F.4th at 672 (quoting Texas Democratic Party II, 978 F.3d at 179). Reading Stephens's "specific duty" language as satisfying *Ex parte Young's* connection requirement would make district attorneys the proper defendants in challenges to all criminal statutes categorically. Fifth Circuit precedent demands more from a state statute. Discretionary authority to act, on its own, is insufficient to give rise to a particular duty to act, i.e., a "sufficient connection [to] enforcement." *City of Austin*, 943 F.3d at 998 (alteration in original) (quoting *Ex parte* Young, 209 U.S. at 157, 28 S.Ct. 441).

16. Here, Travis County has the discretionary duty to enforce state laws but has taken no action to do so. According to Plaintiff's own allegations, any sale of cultivated meat products by Plaintiffs stopped before SB 261 was enacted, and as such, Travis County has never prosecuted any under this law. Dkt ¶ 20-1, pg. 10. This is not sufficient connection to enforcement as required by precedent under *Young*. *Mi Familia Vota v. Ogg*, 105 F.4th 313, 327-326 (5th Cir. 2024). However, if this court finds that Delia Garza, the Travis County Attorney, is a proper party, this court would also have to find that all of the county attorneys in the state of Texas are also proper parties. Id.

17. Defendant Garza understands the Court likely views this case to present a pure question of law, to be decided by briefing and argument. The State of Texas, through the Texas Attorney

General, is a party to this lawsuit, and it defends and advocates for its law in this matter. Defendant Garza's counsel has conferred with her co-defendant's counsel. Defendant Garza adopts the legal arguments set out in the State's Response to Plaintiffs' Motion for Preliminary Injunction as if fully set out herein. It is not Defendant Garza's desire to increase, multiply or contribute to any potential increase in attorneys' fees incurred by Plaintiffs should the statute be declared unconstitutional. It is in the interest of judicial economy that she adopt the state's arguments. As such, Defendant Garza will allow the state to present the primary substance of the arguments regarding constitutionality of the statute.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Travis County Attorney Delia Garza prays that her motion be granted, that Plaintiffs' Motion for Preliminary Injunction be denied, and for such relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:   (512) 854-9513
Facsimile:   (512) 854-4808

By: /s/ Elaine Casas

ELAINE CASAS
State Bar No. 00785750
Elaine.Casas@traviscountytx.gov
TODD A. CLARK
State Bar No. 04298850
Todd.Clark@traviscountytx.gov
SUSANA NARANJO-PADRON
State Bar No. 24105688
Susana.Naranjo-Padron@traviscountytx.gov
Assistant County Attorneys
**ATTORNEYS FOR DEFENDANT DELIA GARZA**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of November 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to each attorney who has made an appearance in this case.

                              */s/ Elaine Casas*

                              ELAINE CASAS
                              TODD A. CLARK
                              SUSANA NARANJO-PADRON
                              Assistant County Attorneys