IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILD TYPE, INC. D/B/A/ WILDTYPE And UPSIDE FOODS, INC., <br> *Plaintiffs*, <br> v. <br><br> JENNIFER A. SHUFORD, in her official capacity as the Commissioner of the Texas Department of State Health Services; CECILE ERWIN YOUNG, in her official capacity as Executive Commissioner of the Texas Health and Human Services Commission; KEN PAXTON in his official capacity as the Attorney General of Texas; and DELIA GARZA in her official capacity as the County Attorney of Travis County, <br> *Defendants*. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 1:25-cv-1408-ADA-ML |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant Delia Garza (hereinafter "Defendant Garza") and files her Reply to Plaintiffs' Combined Response to Defendants' Motions to Dismiss [Dkt. 25]. In support thereof, Defendants respectfully assert the following:

**I. REPLY TO RESPONSE MOTION TO DISMISS**

**A. Ogg and its progeny should lead this court to dismiss claims against Garza**

1. In *Mi Familia Vota v. Ogg*, the Fifth Circuit described the *Ex parte Young* "guideposts" upon which at least some of Plaintiffs' Supremacy Claims for Relief rely to search for an immunity waiver. [ECF 1, pp.44 & 52]. *Mi Familia Vota v. Ogg*, 105 F.4th 313, 330 (5th Cir. 2024) (quoting *Ex parte Young*, 209 U.S. at 157). The standard set forth in *Ogg* to fit within the narrow *Ex parte Young* exception to immunity are: "(1) the state official has 'more than the general duty to see that

1

the laws of the state are implemented,' i.e., a 'particular duty to enforce the statute in question'; (2) the state official has 'a demonstrated willingness to exercise that duty'; and (3) the state official, **through her conduct**, 'compel[s] or constrain[s persons] to obey the challenged law." *Id*. at 325 (quoting Tex. All. for Retired Ams., 28 F.4th at 672)(emphasis added). "Mere authority" over whether to bring criminal charges is not enough to invoke the *Ex parte* Young exception. *Id*. at 326. Texas law "does not mandate that [prosecuting] attorneys prosecute every case under every criminal statute no matter the specific facts." *Fund Texas Choice v. Deski*, No. 1:22-CV-859-RP, 2025 WL 2020052, at *9 (W.D. Tex. May 23, 2025) (unpublished). Further, "[t]he primary duty of an attorney representing the state … is not to convict but to see that justice is done." *Id*. (citing Tex. Code. Crim. Proc. art. 2A.101). "[This] analysis is '"provision-by-provision": The officer must enforce "the particular statutory provision that is the subject of the litigation."' *Mi Familia*, 105 F.4th at 327 (quoting *Tex. All. for Retired Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022) (quoting *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020). "We have defined 'enforcement' as 'compulsion or constraint,' **so if the official does not compel or constrain anyone to obey the challenged law, enjoining that official could not stop any ongoing constitutional violation.**" *Id.* (cleaned up)(emphasis added).

2.  The Fifth Circuit has assessed whether the threat of enforcement is sufficiently concrete to make an official a proper defendant by applying the "guidepost" of "**whether the official has a 'demonstrated willingness' to enforce the challenged statute.**" *Mi Familia Vota*, 105 F.4th at 329 (quoting *Tex. All. for Retired Ams.*, 28 F.4th at 672)(emphasis added). This guidepost was initially articulated in *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (*en banc*) and was restated in *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014). Moreover, the Fifth Circuit has since elaborated that " 'the state officials **must have taken some step to enforce' the statute**.

2

In deciding how big the step must be, 'the bare minimum appears to be "some scintilla" of affirmative action by the state official.' " *Mi Familia Vota*, 105 F.4th at 329 (citation omitted) (quoting *Tex. Democratic Party I*, 961 F.3d at 401).

3.  "To be amenable to suit under [*Ex parte Young*], the state actor must both possess the authority to enforce the challenged law and have a sufficient connection [to] the enforcement of the challenged act." *Haverkamp v. Linthicum*, 6 F.4th 662, 670 (5th Cir. 2021) (third alteration in original) (emphasis added) (quotation marks and citations omitted). In, *Ogg* the party in question had discretionary authority to bring criminal prosecutions within her jurisdiction, including for violations of the Texas Election Code. The authority was not derived from that code itself but was rooted in the Texas constitution. Additionally, *Ogg* had a general duty to "see that justice is done," TEX. CODE CRIM. P. art. 2.01, but, according to the Fifth Circuit that was not enough to make her amenable to suit . *Texas All.*, 28 F.4th at 674,  *Mi Familia*, 105 F.4th at 328.On the demonstrated willingness prong, the "**prior or contemporaneous affirmative acts of the named official**" **<u>must show</u> some willingness to enforce**. *Id*. (quoting *Ogg* at 330)(emphasis added).[1]

4.  "To satisfy the required enforcement connection, the state official must have a duty beyond 'the general duty to see that the laws of the state are implemented.' " *Book People*, 91 F.4th at 335 (quoting *City of Austin*, 943 F.3d at 999–1000 (quoting *Morris v. Livingston*, 739 F.3d 740, 746

---

[1] "Plaintiffs need only show a 'scintilla of enforcement by the relevant state official.'" *Id.* (quoting *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) [hereinafter *Texas Democratic Party II*]). Imminent enforcement or actual threats thereof are "not required." *Air Evac EMS, Incorporated v. Texas, Department of Insurance, Division of Workers' Compensation*, 851 F.3d 507,519 (5th Cir. 2017). When Plaintiffs bring a pre-enforcement challenge for a law that has not yet taken effect, evidence of actual enforcement is impossible and is not required. See, *Calhoun v. Collier*, 78 F.4th 846, 851 (5th Cir. 2023). All Plaintiffs must show is " 'some scintilla' of affirmative action by the state official ...." *Id.* (citing *Tex. Democratic Party*, 961 F.3d at 401).

(5th Cir. 2014))). See also, *Mi Familia*, 105 F.4th at 325 n.7 (finding it "not legally significant" that this formulation combined the first and second "guideposts"). "Rather, the official must have 'the particular duty to enforce the statute in question and a **demonstrated willingness** to exercise that duty.'" *Book People*, 91 F.4th at 335 (quoting *City of Austin*, 943 F.3d at 1000 (quoting *Morris*, 739 F.3d at 746))(emphasis added). "[This] analysis is '"provision-by-provision"': The officer must enforce "the particular statutory provision that is the subject of the litigation."' *Mi Familia*, 105 F.4th at 327 (quoting *Tex. All. for Retired Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022) (quoting *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020))). "We have defined 'enforcement' as 'compulsion or constraint,' so if the official does not compel or constrain anyone to obey the challenged law, ***enjoining that official could not stop any ongoing constitutional violation***." *Id.* (cleaned up)(emphasis added).

5.  Here, in the case at hand, there are no allegations of any position taken by Defendant Garza concerning the challenged law. Further, no constraint exists to fulfil the third guidepost. Because Defendant Garza has "neither enforced the challenged statute against anyone nor threatened to do so," there has been no constraint. *Fund Texas Choice v. Deski,* 790 F.Supp.3d 534, 545 (W.D. Tex. 2025) (citing *Ogg* at 332). "'[F]ear of prosecution' stemming from 'the existence of the challenged statutes coupled with [the defendant's] authority to prosecute criminal cases, is insufficient to show constraint.'" *Id*. Plaintiff's Complaint fails to allege sufficient facts addressing these guideposts to state a claim for which relief can be granted, and therefore, Defendant Garza should be dismissed from this lawsuit.

6.  Here, Plaintiffs have not even alleged a scintilla of affirmative action by Defendant Garza. Plaintiff Wild Type, by its own admission, stopped the limited sale of its product before the law ever went into effect, so they have never even been under any immediate threat of prosecution in

the past. Plaintiff UPSIDE never sold products and has not indicated when any product would be available for sale in the state of Texas, therefore they have never been and would not currently be subject to any enforcement action. Here, Plaintiffs are attempting to bring what is essentially a pre-enforcement challenge, and therefore, they must show that they have pre-enforcement standing. As previously argued, "'fear of prosecution' stemming from 'the existence of the challenged statutes coupled with [the defendant's] authority to prosecute criminal cases, is insufficient to show constraint.'"

7. "In a pre-enforcement challenge, Plaintiffs can establish an injury in fact if they show that '(1) they have an intention to engage in a course of conduct arguably affected with a constitutional interest, (2) their intended future conduct is arguably proscribed by the policy in question, and (3) the threat of future enforcement of the challenged policies is substantial.' " *Book People*, 91 F.4th at 335 (quoting *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020)).

8. "Plaintiffs must show an intent to engage in the conduct being regulated for each claim they press." (*Id*. (emphasis in original) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159, 134 S.Ct. 2334, 189 L.Ed.2d 246 (2014))).

9. For a county attorney in Texas, the law does not mandate that they prosecute every case under every criminal statute no matter the specific facts. *Fund Texas Choice*, 790 F.Supp.3d at 545. Further, Article 2A.101 of the Texas Code of Criminal Procedure, which went into effect on January 1, 2025—after Section 87.011(3)(B)—provides that "[t]he primary duty of an attorney representing the state, including a special prosecutor, is not to convict but to see that justice is done." Tex. Code. Crim. Proc. art. 2A.101 (West 2025). This provision clarifies that prosecutors have discretion over which cases to pursue. In *Fund Texas*, the court found that the Prosecutor

Defendants had no "specific duty" to enforce the pre-Roe laws, and ruled that the first guidepost weighs in favor of sovereign immunity. The same analysis should apply here, and Defendant Garza should be dismissed as a defendant based on sovereign immunity because the *Ex parte Young* exception to sovereign immunity does not apply.

### IV. CONCLUSION

10.     This Court lacks subject matter jurisdiction over Plaintiffs' claim related to any perceived potential for enforcement actions by Defendant Garza. Plaintiffs' claims are not ripe, and Plaintiffs lack standing to pursue any relief against Defendant Garza. Moreover, Plaintiffs have failed to offer any factual allegations to support a plausible claim against Defendant Garza. They have failed to plead any casual link between any alleged injury and the actions of Defendant Garza. Plaintiffs failed to state a claim upon which relief can be granted because Plaintiffs have not and cannot offer well-pled allegations to support any of their claims against Travis County Attorney Delia Garza. Therefore, the Court should dismiss Plaintiffs' claim against Defendant Garza.

WHEREFORE, PREMISES CONSIDERED, Defendant Delia Garza prays that her motion be granted, that Plaintiffs' claim(s) be dismissed with prejudice, and for such relief, both general and special, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808


By: */s/ Elaine Casas*
ELAINE CASAS
State Bar No. 00785750
Elaine.Casas@traviscountytx.gov

TODD A. CLARK
State Bar No. 04298850
Todd.Clark@traviscountytx.gov
SUSANA NARANJO-PADRON
State Bar No. 24105688
Susana.Naranjo-Padron@traviscountytx.gov
Assistant County Attorneys
**ATTORNEYS FOR DEFENDANT
DELIA GARZA**

## CERTIFICATE OF SERVICE

    I hereby certify that on this day 24th day of November, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to each attorney who has made an appearance in this case.

                                                  */s/ Elaine Casas*
                                                  ELAINE CASAS

*Reply in Support of Motion to Dismiss Plaintiff's Original Complaint*
1312488.1/385.729