UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| Wild Type, Inc. D/B/A Wildtype and Upside Foods, Inc.,<br><br>   *Plaintiffs*,<br><br>v.<br><br>JENNIFER A. SHUFORD, in her official capacity as the Commissioner of The Texas Department of State Health Services; CECILE ERWIN YOUNG, in her official capacity as the executive commissioner of The Texas Health and Human Services Commission; KEN PAXTON, in his official capacity as the Attorney General of Texas; and DELIA GARZA, in her official capacity as the County Attorney of Travis County,<br><br>   *Defendant.* | CIVIL ACTION NO. 1:25-CV-01408-ADA-ML |

## STATE DEFENDANTS' ORIGINAL ANSWER

Defendants Ken Paxton, in his official capacity as the Attorney General of Texas, Jennifer A. Shuford, in her official capacity as the Commissioner of the Texas Department of State Health Services, and Cecile Erwin Young, in her official capacity as the Executive Commissioner of the Texas Health and Human Services Commission (collectively State Defendants) file this Original Answer to Plaintiffs' September 2, 2025 Original Complaint for Declaratory and Injunctive Relief (ECF No. 1). This Original Answer is timely pursuant to Federal Rule of Civil Procedure 12(a)(4)(A) and the Court's denial of State Defendants' Motion to Dismiss on January 30, 2026.

### ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), for each and every allegation asserted in Plaintiffs' Complaint Defendant only admits those allegations expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' Complaint. Titles of headings that are reproduced in this Answer are included for

1

organizational purposes only, and Defendant does not admit any matter contained therein.[1]

### INTRODUCTION

1.      State Defendants admit that this case challenges the recently enacted SB 261, which prohibits the sale of cell-cultivated protein. State Defendants deny the remaining allegations in this paragraph.

2.      State Defendants deny the allegations in this paragraph.

3.      State Defendants deny that Wild Type, Inc. d/b/a Wildtype and UPSIDE Foods, Inc. are "shut out of Texas by SB 261." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

4.      State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

5.      State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

6.      State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

7.      State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

8.      State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

9.      State Defendants admit that Texas enacted SB 261 on June 20, 2025. SB 261 banned the sale of "cell-cultured protein" for human consumption in Texas starting September 1, 2025, and expiring on September 1, 2027. SB 261 is enforceable through civil, administrative, and criminal penalties. State Defendants deny the remaining allegations in this paragraph.

---

[1] State Defendants note that the Court dismissed Plaintiff UPSIDE's PPIA claims on January 30, 2026. ECF No. 43 at 1, 11. State Defendants' responses to all factual and legal allegations relating to such claims are provided for preservation and completeness purposes.

10. State Defendants admit that SB 261 allows the continued distribution of cultivated meat to consumers so long as it is not sold. State Defendants deny any remaining allegations in this paragraph.

11. State Defendants deny that SB 261 is unconstitutional and preempted by federal law. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

12. State Defendants deny the allegations in this paragraph.

13. State Defendants admit that the U.S. Supreme Court has stated that states cannot avoid the Federal Meat Inspection Act's preemption clause "just by framing it as a ban on the sale of meat produced in whatever way the State disapproved." *Nat'l Meat Ass'n v. Harris*, 565 U.S. 452, 464 (2012). State Defendants admit the PPIA contains a preemption clause. State Defendants deny that SB 261 violates the Supremacy Clause or is preempted by the federal Poultry Products Inspection Act (PPIA). State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

14. State Defendants deny the allegations in this paragraph.

15. State Defendants deny the allegations in this paragraph.

**JURISDICTION**

16. State Defendants admit that Wildtype and UPSIDE assert they bring this lawsuit "under the Supremacy Clause and Commerce Clause of the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Declaratory Judgment Act, 28 U.S.C. § 2201; *Ex parte Young*, 209 U.S. 123 (1908); and this Court's inherent equitable power to enjoin state actors from performing unconstitutional acts." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

17. State Defendants admit that Wildtype and UPSIDE seek injunctive and declaratory relief. State Defendants deny the remaining allegations in this paragraph.

18.     State Defendants deny that this Court has jurisdiction over all parts of this action under 28 U.S.C. §§ 1331 and 1343. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

**VENUE**

19.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

**PARTIES**

20.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

21.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

22.     State Defendants admit Defendant Jennifer A. Shuford is the Commissioner of the Texas Department of State Health Services and Wildtype and UPSIDE seek declaratory and injunctive relief. State Defendants admit that SB 261 provides that a violation of its ban "may be enforced in the same manner as a violation of Section 431.021 is enforced under Subchapter C." Tex. Health & Safety Code § 431.02105(b). State Defendants admit that Subchapter C authorizes the Department of State Health Services, *see* Tex. Health & Safety Code § 430.001(2), to (1) "petition the district court for a temporary restraining order to restrain a continuing violation . . . or a threat of continuing violation," *id.* § 431.047(a); (2) "assess an administrative penalty," *id.* § 431.054(a); (3) request the Texas Attorney General to "bring a civil action to recover an administrative penalty," *id.* § 431.058; (4) request "the attorney general or a district, county, or city attorney [to] institute an action in district court to collect a civil penalty," *id.* § 431.0585(a); and (5) "report[] a violation of this chapter" to "[t]he attorney general, or a district, country, or municipal attorney," *id.* § 431.060(a). State Defendants admit Wildtype and UPSIDE state they sue Jennifer A. Shuford in her official capacity only and seek only declaratory and injunctive relief against her. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

4

23.      State Defendants admit Defendant Cecile Erwin Young[2] is the Executive Commissioner of the Texas Health and Human Services Commission and Wildtype and UPSIDE seek declaratory and injunctive relief against her in her official capacity only. State Defendants admit that SB 261 states that "[a]s soon as practicable after the effective date of this Act, the executive commissioner of the Health and Human Services Commission shall adopt any rules necessary to implement the changes in law made by this Act." Act of June 20, 2025, 89th Leg., R.S., ch. 968 § 7, 2025 Tex. Sess. Law Serv. 1, 4, eff. Sept. 1, 2025. State Defendants admit that Tex. Health & Safety Code § 12.001(b) states that "[t]he executive commissioner shall adopt rules for the performance of each duty imposed by law on the executive commissioner, the department, or the commissioner[.]" State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

24.      State Defendants admit Defendant Ken Paxton is the Attorney General of Texas and Wildtype and UPSIDE seek declaratory and injunctive relief against him in his official capacity. State Defendants admit that the Tex. Health & Safety Code states that the "attorney general at the request of the department may bring a civil action to recover an administrative penalty under this subchapter," *id.* at § 431.058; "[a]t the request of the department, the attorney general . . . shall institute an action in district court to collect a civil penalty from a person who has violated Section 431.021," *id.* at § 431.0585(a); "[t]he attorney general, or a district, county, or municipal attorney to whom the department or a health authority reports a violation of this chapter, shall initiate and prosecute appropriate proceedings without delay," *id.* at § 431.060(a). State Defendants also admit that violations may also result in criminal proceedings. *See id.* § 431.059. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph. *See, e.g.*, Bryan Garner, *Garner's Dictionary of Legal Usage* 952–53 (3d ed. 2011) (noting that the Supreme Court has interpreted "shall" to mean "must", "may", or "will" and citing cases); Fed. R. Civ. P. 1, advisory committee's notes to 2007 amendment ("The restyled rules

---

[2] Cecile Erwin Young has retired during the pendency of this lawsuit. Stephanie Muth has replaced her as Executive Commissioner of the Texas Health and Human Services Commission.

minimize the use of inherently ambiguous words. For example, the word 'shall' can mean 'must,' 'may,' or something else, depending on context.'").

25.    State Defendants admit Delia Garza is the County Attorney of Travis County and Wildtype and UPSIDE seek declaratory and injunctive relief against her in her official capacity. State Defendants admit the Tex. Health & Safety Code states that "[a]t the request of the department . . . a district, county, or city attorney shall institute an action in district court to collect a civil penalty from a person who has violated Section 431.021," *id.* at § 431.0585(a), and "a district, county, or municipal attorney to whom the department or a health authority reports a violation of this chapter, shall initiate and prosecute appropriate proceedings without delay," *id.* at § 431.060(a). State Defendants admit that violations of SB 261 can result in criminal proceedings and the first violation of Section 431.021 may be a Class A misdemeanor. *Id.* at §§ 431.02105(b), 431.059(a). State Defendants admit that the County Attorney of Travis County may prosecute misdemeanor cases that are filed in Travis County. *See generally* Tex. Code Crim. Pro. art. 2A.103. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph. *See, e.g.*, Bryan Garner, *Garner's Dictionary of Legal Usage* 952–53 (3d ed. 2011) (noting that the Supreme Court has interpreted "shall" to mean "must", "may", or "will" and citing cases); Fed. R. Civ. P. 1, advisory committee's notes to 2007 amendment ("The restyled rules minimize the use of inherently ambiguous words. For example, the word 'shall' can mean 'must,' 'may,' or something else, depending on context."). This Court has since dismissed all claims against Ms. Garza.

## STATEMENT OF FACTS
### Cultivated Meat

26.    State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

27.    State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

28.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

29.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

30.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

31.     State Defendants deny that cell-cultured protein or "cultivated meat" is "genuine animal meat." State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

32.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

33.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

34.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

35.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

36.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

37.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

38.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

39.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

40.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

41.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

**Wildtype**

42.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

43.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

44.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

45.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

46.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

47.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

48.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

49.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

50.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

51.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

52.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

53.     State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

**UPSIDE**

54. State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

55. State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

56. State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

57. State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

58. State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

59. State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

60. State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

**Federal Regulation of Cultivated Meat**

61. State Defendants admit that Congress has passed statutes that concern meat and poultry products under the Commerce Clause of Article I, section 8 of the United States Constitution. State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

62. State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

63. State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

64. State Defendants admit that 21 U.S.C. § 453 states that: "The term 'poultry product' means any poultry carcass, or part thereof; or any product which is made wholly or in part from any poultry carcass or part thereof, *excepting products which contain poultry ingredients only*

*in a relatively small proportion or historically have not been considered by consumers as products of the poultry food industry*, and which are exempted by the Secretary from definition as a poultry product under such conditions as the Secretary may prescribe to assure that the poultry ingredients in such products are not adulterated and that such products are not represented as poultry products." (emphasis added). State Defendants deny that cell-cultivated meat, or cell-cultivated poultry, are "poultry products" under this definition. State Defendants deny that the USDA-FSIS regulated cultivated poultry products under this definition. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph. Note that FSIS Directives do not typically go through notice and comment. State Defendants note that UPSIDE Plaintiff's PPIA claims have been dismissed.

65.    State Defendants admit that the hyperlinked document states that "[t]his document describes the parties' intended roles and responsibilities for oversight of such food." State Defendants also admit that the hyperlinked document states that: "This agreement represents the broad outline of the Parties' present intent to collaborate in areas of mutual interest to HHS-FDA and USDA-FSIS. It does not create binding, enforceable obligations against either Agency. All activities undertaken pursuant to the agreement are subject to the availability of personnel, resources, and funds. This agreement does not affect or supersede any existing agreements or arrangements between the Parties and does not affect the ability of the Parties to enter into other agreements or arrangements related to this agreement. This agreement and all associated agreements will be subject to the applicable policies, rules, regulations, and statutes under which HHS-FDA and USDA-FSIS operate. Nothing in this agreement shall obligate HHS-FDA and USDA-FSIS to any current expenditure or future expenditure of resources in advance of the availability of appropriations from Congress." State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

66.    State Defendants admit that the hyperlinked document states that HHS-FDA "[o]versee[s] initial cell collection and the development and maintenance of qualified cell banks"

and the "proliferation and differentiation of cells through the time of harvest." State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

67. State Defendants admit that the hyperlinked document states that: "USDA-FSIS will: . . . At harvest, help coordinate the transfer of regulatory oversight from HHS-FDA, including, but not limited to, reviewing information necessary for USDA to determine whether harvested cells are eligible to be processed into meat or poultry products that bear the USDA mark of inspection." State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

68. State Defendants admit that the hyperlinked document states that: "USDA-FSIS will: . . . Require each establishment that harvests cells cultured from livestock or poultry subject to the FMIA or PPIA for the purpose of producing human food required to bear the USDA mark of inspection . . . , to obtain a grant of inspection, as required by the FSIS regulations." State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

69. State Defendants admit the hyperlinked document states that: "USDA-FSIS will: . . . Conduct inspection in establishments where cells cultured from livestock and poultry subject to the FMIA and PPIA are harvested, processed, packaged or labeled, in accordance with applicable FSIS regulations (including sanitation and physical product inspection, Hazard Analysis and Critical Control Point (HACCP) verification, product testing, and records review), to ensure that resulting products are safe, unadulterated, wholesome and properly labeled. USDA-FSIS shall not inspect activities solely regulated by HHS-FDA and shall rely on the HHS-FDA regulatory process for information regarding such activities." State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

70. State Defendants admit the hyperlinked document states that: "USDA-FSIS will: . . . Require that the labeling of human food products derived from the cultured cells of livestock and poultry be preapproved and then verified through inspection, as required by FSIS

11

regulations." State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

71.    State Defendants admit that the hyperlinked document, FSIS Directive 7800.1, states that: "Cell-cultured meat and poultry food products are 'meat food products' and 'poultry food products' as defined under the regulations (9 CFR 301.2 and 9 CFR 381.2)." State Defendants note that FSHS Directives typically do not go through notice and comment. State Defendants deny that cell-cultured protein is "subject to the same statutory requirements, regulations, and FSIS oversight authority" as conventional meat products. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

72.    State Defendants admit that the PPIA may preempt some state regulatory provisions. *See* 21 U.S.C. § 467e. State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

73.    State Defendants lack sufficient knowledge to admit or deny the allegations made in this paragraph.

74.    State Defendants deny that PPIA's exemption provisions, if any, are relevant to this action. State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph

75.    State Defendants admit that the PPIA states: "ingredient requirements . . . in addition to, or different than, those made under this chapter may not be imposed by any State . . . with respect to articles prepared at any official establishment in accordance with the requirements under this chapter, but any State . . . may, consistent with the requirements under this chapter exercise concurrent jurisdiction with the Secretary over articles required to be inspected under this chapter for the purpose of preventing the distribution for human food purposes of any such articles which are adulterated or misbranded and are outside of such an establishment . . . . This chapter shall not preclude any State . . . from making requirement or taking other action, consistent with this chapter, with respect to any other matters regulated under

this chapter." 21 U.S.C. § 467e. State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

76.     State Defendants admit that the PPIA states: "Requirements within the scope of this chapter with respect to premises, facilities and operations of any official establishment which are in addition to, or different than those made under this chapter may not be imposed by any State . . . except that any such jurisdiction may impose recordkeeping and other requirements within the scope of paragraph (b) of section 460 of this title, if consistent therewith, with respect to any such establishment. . . . This chapter shall not preclude any State . . . from making requirement or taking other action, consistent with this chapter, with respect to any other matters regulated under this chapter." 21 U.S.C. § 467e. State Defendants lack sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

77.     State Defendants deny that the USDA has promulgated ingredient requirements that govern the use of ingredients in "cultivated poultry products." Note that FSIS Directives typically do not go through the notice and comment process. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

78.     State Defendants deny the allegations in this paragraph.

79.     State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

**Wildtype Gets the Green Light to Distribute its Product in the Interstate Market**

80.     State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

81.     State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

82.     State Defendants deny the allegations in this paragraph.

83.     State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

84. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

85. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

86. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

87. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

88. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

89. State Defendants admit that Wildtype may no longer sell or offer to sell its cell-cultured protein product for human consumption within Texas without violating Texas law and thereby exposing itself to civil and criminal penalties. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

**UPSIDE Gets the Green Light to Distribute Its Products in the Interstate Market**

90. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

91. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

92. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

93. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

94. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

95. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

96.    State Defendants deny the allegations in this paragraph.

97.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

98.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

99.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

100.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

101.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

102.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

103.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

104.    State Defendants admit that UPSIDE may no longer sell or offer to sell its cell-cultured protein product for human consumption within Texas without violating Texas law and thereby exposing itself to civil and criminal penalties. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

**SB 261**

105.    State Defendants admit that Governor Greg Abbott signed SB 261 on June 20, 2025, which banned the sale of cell-cultured protein for human consumption in Texas for two years. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

106.    State Defendants admit the allegations in this paragraph.

107.    State Defendants admit the allegations in this paragraph.

108.    State Defendants admit the allegations in this paragraph.

109.    State Defendants admit the allegations in this paragraph.

110.    State Defendants admit that SB 261 bans the sale for human consumption of Wildtype's cell-cultured protein salmon and UPSIDE's cell-cultured protein chicken. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

111.    State Defendants admit the allegations in this paragraph.

112.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, with the exception of the following:

a.    State Defendants admit that Tex. Health & Safety Code § 431.054(a), (c)–(d), states that an "administrative penalty" up to "$25,000 a day for each violation" may be assessed, where "[e]ach day a violation continues may be considered a separate violation."

b.    State Defendants admit that Tex. Health & Safety Code § 431.0585(a)–(b), states that a "civil penalty" up to "$25,000 a day for each violation" may be assessed, where "[e]ach day a violation continues may be considered a separate violation."

c.    State Defendants admit that Tex. Health & Safety Code § 431.059(a) states that a "first offense under this subsection is a Class A misdemeanor" and that Tex. Pen. Code § 12.21 states that an "individual adjudged guilty of a Class A misdemeanor shall be punished by: (1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and confinement."

d.    State Defendants admit that Tex. Health & Safety Code § 431.059(a) states that if "the defendant was previously convicted of an offense under this subsection" the "offense is a state jail felony." State Defendants admit that Tex. Pen. Code § 12.35(a)–(b) states that "an individual adjudged guilty of a state jail felony shall be punishable by confinement in a state jail for any term of not more than two years or less than 180 days" and in addition to confinement "may be punished by a fine not to exceed $10,000."

113.    State Defendants admit that SB 261 states: "As soon as practicable after the effective date of this Act, the executive commissioner of the Health and Human Services

16

Commission shall adopt any rules necessary to implement the changes in law made by this Act." Act of June 20, 2025, 89th Leg., R.S., ch. 968 § 7, 2025 Tex. Sess. Law Serv. 1, 4, eff. Sept. 1, 2025. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

**Texas Banned Cultivated Meat to Protect In-State Agricultural Businesses from Out-of-State Competition**

114. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

115. State Defendants deny the allegations in this paragraph.

116. State Defendants admit the allegations in this paragraph.

117. State Defendants admit that the hyperlinked document contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny the remainder of the allegations in this paragraph.

118. State Defendants admit that the hyperlinked document states "S.B. 261 would prohibit the production and sale of cell-cultured protein products within Texas to protect consumers and support traditional agriculture." State Defendants lack sufficient knowledge to admit or deny the remainder of the allegations in this paragraph.

119. State Defendants admit Senator Perry said the "[i]ntroduction of lab grown meat could disrupt traditional livestock markets, affecting rural communities and family farms." State Defendants lack sufficient knowledge to admit or deny the remainder of the allegations in this paragraph.

120. State Defendants admit Senator Perry said, "I think if there's no market for it if we're successful in Texas then everyone would have the right in the higher ed community to hear this, that we don't think you should spend any taxpayer dollars—Texas taxpayer dollars—on research on a project that has no market in Texas." State Defendants lack sufficient knowledge to admit or deny the remainder of the allegations in this paragraph.

121.    State Defendants deny that the hyperlinked recording contains the exact quoted statement. State Defendants lack sufficient knowledge to admit or deny the remainder of the allegations in this paragraph.

122.    State Defendants admit the allegations in this paragraph.

123.    State Defendants admit Representative Gerdes stated the words "defend the integrity of the state's agricultural and ranching industries" in the hyperlinked recording. State Defendants deny the remainder of the allegations in this paragraph.

124.    State Defendants admit that the hyperlinked recording contains the quoted statements. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

125.    State Defendants admit that the hyperlinked recording contains the quoted statement but deny that the statement ends with a period. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

126.    State Defendants admit that the hyperlinked recording contains the quoted statements. State Defendants lack sufficient knowledge to admit or deny any remaining allegation in this paragraph.

127.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

128.    State Defendants admit that the hyperlinked document contains the quoted statements. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

129.    State Defendants admit the hyperlinked document contains the hashtag "#TexasAgricultureMatters." State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

130.    State Defendants admit the hyperlinked document contains the following statements and lack sufficient knowledge to admit or deny any remaining allegations in the paragraph:

    a.     "This ban is a massive win for Texas ranchers, producers, and consumers,"

    b.     "It's plain cowboy logic that we must safeguard our real, authentic meat industry from synthetic alternatives."

    c.     "I tip my hat to Senator Perry, the Texas Legislature, and Governor Abbott for taking a bold stand for our ranching families,"

    d.     "Lab-grown meat just doesn't belong in Texas, and now, it doesn't have a place on our tables."

131.    State Defendants admit that the hyperlinked document contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny the remaining allegations in the paragraph.

132.    State Defendants admit that TSCRA is the Texas & Southwestern Cattle Raisers Association, and the hyperlinked document contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny the remaining allegations in the paragraph.

133.    State Defendants admit two people testified for SB 261 on March 31, 2025, in the Senate Committee on Water, Agriculture and Rural Affairs and both testified on behalf of themselves and the Texas & Southwestern Cattle Raisers Association. State Defendants lack sufficient knowledge to admit or deny the remaining allegations in the paragraph.

134.    State Defendants admit that the hyperlinked recording contains the quoted statement "important bill." State Defendants deny the remaining allegations in this paragraph.

135.    State Defendants admit that the hyperlinked recording contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

136.    State Defendants admit that the hyperlinked document contains the following statement: "SB 261, backed by TSCRA, passed the Texas Legislature — banning the sale of cell-cultured protein to protect consumers, ranchers & the beef industry." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

137.    State Defendants admit that the hyperlinked document contains the quoted statements. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

138.    State Defendants admit that HB 1431 was a bill relating to certain prohibited acts with respect to cell-cultured protein for human consumption in the 89th regular legislative session State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

139.    State Defendants admit that the hyperlinked recording contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

140.    State Defendants admit the hyperlinked recording contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

141.    State Defendants admit that testimony was provided stating three companies had received FDA approval to sell their products in the U.S. and none of those are based in Texas and stated there are no companies in Texas certified to sell this product. State Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

142.    State Defendants admit that the hyperlinked recording contains the quoted question. State Defendants deny this paragraph contains the full question asked. State Defendants admit two individuals responded with testimony concerning, among other things, the future possible uses of cell-cultivated protein. State Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

143.    State Defendants admit that the hyperlinked recording contains the quoted words. State Defendants deny this paragraph contains the entire statement in the proper order. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

144.    State Defendants admit that the hyperlinked recording contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

145.    State Defendants admit that the hyperlinked recording contains the quoted words. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

146.    State Defendants admit that the hyperlinked recording contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

147.    State Defendants admit that the hyperlinked recording contains the quoted statements. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

148.    State Defendants admit that the hyperlinked recording contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

149.    State Defendants admit that the hyperlinked recording contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

150.    State Defendants admit that the hyperlinked recording contains the quoted statements. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

151.    State Defendants admit that the hyperlinked recording contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

### The Market

152.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

153. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

154. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

155. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

156. State Defendants deny the allegations in this paragraph.

157. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

158. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

159. State Defendants admit that the hyperlinked recording contains the quoted statement. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

160. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

161. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

162. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

163. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

164. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

165. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

166.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

167.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

**Injury to Wildtype**

168.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

169.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

170.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

171.    State Defendants admit that SB 261 bans the sale of cell-cultured salmon for human consumption. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

172.    State Defendants admit that SB 261 bans the sale of Wildtype's cell-cultured protein products for human consumption and violations of SB 261 may result in civil and criminal penalties. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

173.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

174.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

175.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

176.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

177.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

178.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

179.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

180.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

181.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

182.    State Defendants admit that at least six other states have passed similar legislation. State Defendants deny any other allegations in this paragraph.

183.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

184.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

185.    State Defendants admit that "Texas state entities enjoy sovereign immunity from money damages under the Eleventh Amendment." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

186.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

187.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

188.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

### Injury to UPSIDE

189.    State Defendants deny the allegations in this paragraph.

24

190.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

191.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

192.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

193.    State Defendants admit SB 261 bans the sale of cell-cultivated protein in Texas for two years. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

194.    State Defendants admit that SB 261 bans the sale of UPSIDE's cell-cultured protein products for human consumption and violations of SB 261 may result in civil and criminal penalties. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

195.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

196.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

197.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

198.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

199.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

200.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

201.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

202.    State Defendants admit that at least six other states have passed similar legislation. State Defendants deny any other allegations in this paragraph.

203.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

204.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

205.    State Defendants admit that "Texas state entities enjoy sovereign immunity from money damages under the Eleventh Amendment." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

206.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

207.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

208.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

209.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Dormant Commerce Clause by Wildtype and UPSIDE)

210.    State Defendants incorporate their responses to Plaintiffs' allegations in ¶¶ 1–209 of this answer as though set forth in this section.

211.    State Defendants admit the allegations in this paragraph.

212.    State Defendants deny the allegations in this paragraph.

213.    State Defendants deny the allegations in this paragraph.

214.    State Defendants deny the allegations in this paragraph.

215.    State Defendants deny the allegations in this paragraph.

216. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

217. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

218. State Defendants deny the allegations in this paragraph.

219. State Defendants deny the allegations in this paragraph.

220. State Defendants deny the allegations in this paragraph.

221. State Defendants deny the allegations in this paragraph.

222. State Defendants deny the allegations in this paragraph.

223. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

224. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

225. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

226. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

227. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

228. State Defendants deny the allegations in this paragraph.

229. State Defendants deny the allegations in this paragraph.

230. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

231. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

232. State Defendants deny the allegations in this paragraph.

233. State Defendants deny the allegations in this paragraph.

234. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

235. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

236. State Defendants admit Plaintiffs seek declaratory and injunctive relief.

**Second Claim for Relief**
**(Violation of § 1983—Express Federal Preemption—PPIA Ingredients Clause by UPSIDE)**

237. State Defendants incorporate their responses to Plaintiffs' allegations in ¶¶ 1–209 of this answer as though set forth in this section.

238. State Defendants admit that 42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

239. State Defendants admit that U.S. Const. art. VI, cl. 2 states: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

240. State Defendants admit the PPIA was passed by Congress and creates a regulatory framework concerning some aspects of poultry products. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

241. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

242. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

243. State Defendants admit that 21 U.S.C. § 467e states that: "ingredient requirements . . . in addition to, or different than, those made under this chapter may not be imposed by any State or Territory or the District of Columbia with respect to articles prepared at any official establishment in accordance with the requirements under this chapter, but any State or Territory or the District of Columbia may, consistent with the requirements under this chapter exercise concurrent jurisdiction with the Secretary over articles required to be inspected under this chapter for the purpose of preventing the distribution for human food purposes of any such articles which are adulterated or misbranded and are outside of such an establishment . . . . This chapter shall not preclude any State or Territory or the District of Columbia from making requirement or taking other action, consistent with this chapter, with respect to any other matters regulated under this chapter." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

244. State Defendants deny the allegations in this paragraph.

245. State Defendants deny that USDA regulations apply to cell-cultivated protein or "cultivated poultry products." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

246. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

247. State Defendants deny that USDA regulations apply to cell-cultivated protein or "cultivated poultry products." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

248. State Defendants deny the allegations in this paragraph.

249. State Defendants admit that Texas Health & Safety Code § 421.002(5-a) defines "Cell-cultured protein" as "a food product derived from harvesting animal cells and artificially replicating those cells in a growth medium to produce tissue." Tex. Health & Safety Code

§ 421.002(5-a). State Defendants admit that Texas Health & Safety Code § 431.02105(a) renders unlawful and prohibited "[t]he offering for sale or sale of cell-culture protein for human consumption within this state." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

250.    State Defendants deny the allegations in this paragraph.

251.    State Defendants deny the allegations in this paragraph.

252.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

253.    State Defendants deny the allegations in this paragraph.

254.    State Defendants deny the allegations in this paragraph.

255.    State Defendants deny the allegations in this paragraph.

256.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

257.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

258.    State Defendants admit UPSIDE seeks declaratory and injunctive relief.

**Third Claim for Relief**
**(Equitable Relief—*Ex parte Young*- Express Federal Preemption—PPIA Ingredients Clause by UPSIDE)**

259.    State Defendants incorporate their responses to Plaintiffs' allegations in ¶¶ 1–209 of this answer as though set forth in this section.

260.    State Defendants admit the allegations in this paragraph to the extent they accurately recite existing controlling case law. State Defendants deny the Court has such power in this case and lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

261.    State Defendants admit that U.S. Const. art. VI, cl. 2 states: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the

30

land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

262.    State Defendants admit the PPIA was passed by Congress and creates a regulatory framework concerning some aspects of poultry products. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

263.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

264.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

265.    State Defendants admit that 21 U.S.C. § 467e states that: "ingredient requirements . . . in addition to, or different than, those made under this chapter may not be imposed by any State or Territory or the District of Columbia with respect to articles prepared at any official establishment in accordance with the requirements under this chapter, but any State or Territory or the District of Columbia may, consistent with the requirements under this chapter exercise concurrent jurisdiction with the Secretary over articles required to be inspected under this chapter for the purpose of preventing the distribution for human food purposes of any such articles which are adulterated or misbranded and are outside of such an establishment . . . . This chapter shall not preclude any State or Territory or the District of Columbia from making requirement or taking other action, consistent with this chapter, with respect to any other matters regulated under this chapter." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

266.    State Defendants deny the allegations in this paragraph.

267.    State Defendants deny that USDA regulations apply to cell-cultivated protein or "cultivated poultry products." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

31

268.     State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

269.     State Defendants deny that USDA regulations apply to cell-cultivated protein or "cultivated poultry products." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

270.     State Defendants deny the allegations in this paragraph.

271.     State Defendants admit that Texas Health & Safety Code § 421.002(5-a) defines "Cell-cultured protein" as "a food product derived from harvesting animal cells and artificially replicating those cells in a growth medium to produce tissue." Tex. Health & Safety Code § 421.002(5-a). State Defendants admit that Texas Health & Safety Code § 431.02105(a) renders unlawful and prohibited "[t]he offering for sale or sale of cell-culture protein for human consumption within this state." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

272.     State Defendants deny the allegations in this paragraph.

273.     State Defendants deny the allegations in this paragraph.

274.     State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

275.     State Defendants deny the allegations in this paragraph.

276.     State Defendants deny the allegations in this paragraph.

277.     State Defendants deny the allegations in this paragraph.

278.     State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

279.     State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

280.     State Defendants admit UPSIDE seeks declaratory and injunctive relief.

32

**Fourth Claim for Relief**
**(Violation of § 1983—Express Federal Preemption—PPIA Facilities Clause by UPSIDE)**

281.    State Defendants incorporate their responses to Plaintiffs' allegations in ¶¶ 1–209 of this answer as though set forth in this section.

282.    State Defendants admit that U.S. Const. art. VI, cl. 2 states: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

283.    State Defendants admit the PPIA was passed by Congress and creates a regulatory framework concerning some aspects of poultry products. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

284.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

285.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

286.    State Defendants admit that 21 U.S.C. § 467e states that: "Requirements within the scope of this chapter with respect to premises, facilities and operations of any official establishment which are in addition to, or different than those made under this chapter may not be imposed by any State or Territory or the District of Columbia, . . . but any State or Territory or the District of Columbia may, consistent with the requirements under this chapter exercise concurrent jurisdiction with the Secretary over articles required to be inspected under this chapter for the purpose of preventing the distribution for human food purposes of any such articles which are adulterated or misbranded and are outside of such an establishment . . . . This chapter shall not preclude any State or Territory or the District of Columbia from making requirement or taking other action, consistent with this chapter, with respect to any other matters regulated under this

chapter." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

287. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

288. State Defendants admit that the Supreme Court has written: "The [Federal Meat Inspection Act's] preemption clause sweeps widely—and in so doing, blocks the applications of § 599f challenged here. The clause prevents a State from imposing any additional or different— even if non-conflicting—requirements that fall within the scope of the Act and concern a slaughterhouse's facilities or operations." *Nat'l Meat Ass'n v. Harris*, 565 U.S. 452, 459–60 (2012). State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

289. State Defendants admit that the Supreme Court has written if "any State could impose any regulation on slaughterhouses just by framing it as a ban on the sale of meat produced in whatever way the State disapproved," that "would make a mockery of the FMIA's preemption provision." *Id.* at 464. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

290. State Defendants deny that USDA regulations apply to cell-cultivated protein or "cultivated poultry products." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

291. State Defendants deny that USDA regulations apply to cell-cultivated protein or "cultivated poultry products." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

292. State Defendants deny the allegations in this paragraph.

293. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

294. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

295.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

296.    State Defendants deny the allegations in this paragraph.

297.    State Defendants deny the allegations in the paragraph.

298.    State Defendants deny the allegations in this paragraph.

299.    State Defendants deny the allegations in this paragraph.

300.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

301.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

302.    State Defendants admit UPSIDE seeks declaratory and injunctive relief.

### Fifth Claim for Relief
**(Equitable Relief—*Ex parte Young*- Express Federal Preemption—PPIA Facilities Clause by UPSIDE)**

303.    State Defendants incorporate their responses to Plaintiffs' allegations in ¶¶ 1–209 of this answer as though set forth in this section.

304.    State Defendants admit the allegations in this paragraph to the extent they accurately recite existing controlling case law. State Defendants deny the Court has such power in this case and lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

305.    State Defendants admit that U.S. Const. art. VI, cl. 2 states: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

306.   State Defendants admit the PPIA was passed by Congress and creates a regulatory framework concerning some aspects of poultry products. State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

307.   State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

308.   State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

309.   State Defendants admit that 21 U.S.C. § 467e states that: "Requirements within the scope of this chapter with respect to premises, facilities and operations of any official establishment which are in addition to, or different than those made under this chapter may not be imposed by any State or Territory or the District of Columbia, . . . but any State or Territory or the District of Columbia may, consistent with the requirements under this chapter exercise concurrent jurisdiction with the Secretary over articles required to be inspected under this chapter for the purpose of preventing the distribution for human food purposes of any such articles which are adulterated or misbranded and are outside of such an establishment . . . This chapter shall not preclude any State or Territory or the District of Columbia from making requirement or taking other action, consistent with this chapter, with respect to any other matters regulated under this chapter." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

310.   State Defendants admit that the Supreme Court has written: "The [Federal Meat Inspection Act's] preemption clause sweeps widely—and in so doing, blocks the applications of § 599f challenged here. The clause prevents a State from imposing any additional or different— even if non-conflicting—requirements that fall within the scope of the Act and concern a slaughterhouse's facilities or operations." *Nat'l Meat Ass'n v. Harris*, 565 U.S. 452, 459–60 (2012). State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

36

311.    State Defendants admit that the Supreme Court has written if "any State could impose any regulation on slaughterhouses just by framing it as a ban on the sale of meat produced in whatever way the State disapproved," that "would make a mockery of the FMIA's preemption provision." *Id.* at 464. State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

312.    State Defendants deny that USDA regulations apply to cell-cultivated protein or "cultivated poultry products." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

313.    State Defendants deny that USDA regulations apply to cell-cultivated protein or "cultivated poultry products." State Defendants lack sufficient knowledge to admit or deny any remaining allegations in this paragraph.

314.    State Defendants deny the allegations in this paragraph.

315.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

316.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

317.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

318.    State Defendants deny the allegations in this paragraph.

319.    State Defendants deny the allegations in this paragraph.

320.    State Defendants deny the allegations in this paragraph.

321.    State Defendants deny the allegations in this paragraph.

322.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

323.    State Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

**REQUEST FOR RELIEF**

Plaintiffs' Prayer for Relief does not contain allegations which State Defendants are required to answer. To the extent an answer is required, State Defendants deny that Plaintiffs are entitled to relief and respectfully request that the Court upon final disposition of this case enter judgment as follows:

      i.      Deny Plaintiffs any relief; and

      ii.      Grant that Plaintiffs take nothing by this action.

**STATE DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

Pleading further, State Defendants assert that they are entitled to the following affirmative and other defenses:[3]

1. USDA-FSIS and HHS-FDA have not promulgated regulations that regulate cell-cultured protein.

2. If USDA-FSIS or HHS-FDA have promulgated regulations that regulate cell-cultured poultry, they are unlawful for various reasons (e.g., they exceed statutory authorization, major questions doctrine, procedural defects, etc.).

3. If USDA-FSIS or HHS-FDA have promulgated regulations that regulate cell-cultured poultry, these regulations are unconstitutional.

4. The PPIA does not regulate, nor give any agency the authority to regulate, cell-cultured protein or cell-cultured poultry.

5. USDA-FSIS and HHS-FDA do not have the statutory or constitutional authority to regulate the sale of cell-cultured protein in Texas.

6. The dormant Commerce Clause doctrine is unconstitutional.

---

[3] State Defendants note the Court dismissed Plaintiffs' claims under the PPIA on January 30, 2026. ECF No. 43 at 1, 11. Any affirmative defenses or otherwise asserted in this Answer relating to Plaintiffs' claims under the PPIA are stated for preservation purposes and to fully respond to the Complaint as drafted. State Defendants also acknowledge that on January 30, 2026, their jurisdictional challenges to Plaintiffs' Complaint were ruled on. ECF No. 43 at 1, 11. Any affirmative defenses or other defenses asserted in this Answer relating to State Defendants' jurisdictional defenses that were ruled on are stated for preservation purposes and to fully respond to the Complaint as drafted.

7.    State Defendants assert sovereign immunity under the 11th Amendment.

8.    Plaintiffs do not have a cause of action in this case. This is including, but not limited to, under: 42 U.S.C. § 1983, the dormant Commerce Clause, *Ex parte Young*, the Declaratory Judgment Act, or equity.

9.    Plaintiffs have failed to exhaust required, available, or alternative remedies.

10.    Plaintiffs have not shown circumstances that justify injunctive or declaratory relief.

11.    Plaintiffs' claims are barred in whole or in part by legal, equitable, quasi and/or judicial estoppel.

12.    State Defendants' investigation of this matter is continuing, and State Defendants reserve the right to assert further affirmative defenses hereafter.

## CONCLUSION

For the foregoing reasons, State Defendants respectfully request that the Court dismiss Plaintiffs' claims with prejudice and issue a take-nothing judgement in favor of State Defendants.

Dated: February 13, 2026.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100

Respectfully submitted,

*/s/ Zachary L. Rhines*
ZACHARY L. RHINES
Special Counsel
Texas State Bar No. 24116957
zachary.rhines@oag.texas.gov

ALI M. THORBURN
Special Counsel
Texas State Bar No. 24125064
ali.thorburn@oag.texas.gov

GREY W. JOHNSTON
Special Counsel
Texas State Bar No. 24149107
grey.johnston@oag.texas.gov

COUNSEL FOR STATE DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on February 13, 2026, a true and correct copy of the above and foregoing document was filed and served electronically via CM/ECF.

/s/ Zachary L. Rhines
**ZACHARY L. RHINES**